Good morning, Your Honors. May it please the Court, my name is Marilyn Winters and I'm representing the Petitioners in this matter. Basically, we've asked the Court, by way of a request for writ of mandate, to revoke the District Magistrate's order disqualifying our lead counsel. Isn't the most that we could do would be send it back and say there wasn't, if there was a violation of procedural due process and provide notice and an opportunity to be heard? Let me tell you what's bothering me about this case, so at least as to one of the judges, you'll have a chance in your argument to get right to it. Under the Bauman test, there are a number of factors that we consider in whether a mandamus writ is appropriate. And I think the case law is probably that no one of them is totally dispositive. But, you know, first, if not first and foremost, one of the factors is that there be no adequate remedy apart from a writ of mandamus. So what bothers me here is how can the Petitioner say that Petitioner has no adequate remedy for a procedural due process violation or purported violation by a magistrate judge if the Petitioner hasn't exercised a right to ask the district court to change it? I mean, isn't there an absolute statutory right that Petitioner could have? I mean, first, the Petitioner could have moved for the magistrate judge to reconsider and provided other information and gotten a hearing that way. Now, maybe that wouldn't get anywhere. Petitioner could then have a right to go to the district court and say the magistrate judge did something without proper process. We want a hearing or we want different relief. And as I understand, you have a clear remedy to do that. So how can we issue a mandamus? Basically, Your Honor, in looking at the procedural history of this case, this is our second visit before the Ninth Circuit. Okay. I understand that. Congratulations on the first one. But now on this one, why should we put ourselves in the business of reviewing what magistrate judges do by way of writ of mandamus when there's a clear statutory remedy to go to a district court? Basically, the district court judge in this case decided that the magistrate judge would go to the district court. And the magistrate judge was not the one who decided that it was to hear this particular hearing. It was not addressed the motion was not addressed to the magistrate. But the district court judge determined that it would be the magistrate who would decide this and assign it to him. I understand that, but didn't you have a right to appeal the decision to the district court? We, in looking at the history of this case and in looking at the magistrate's opinion, we did we believe that it would be futile to go. I'm not asking you whether you believed it wouldn't work or would be futile. Didn't you have an absolute statutory right to ask the district court to change that decision? We could have done that, Your Honor. And if you could have done that, then does it make sense for an appellate court to entertain a writ of mandamus, even if we think the magistrate judge screwed up in some way? Magistrate judges decide things day in and day out all the time, and normally they're supervised by district courts, which in fact retain, hire them or make the decisions on their being hired and their, it just seems, I'm just speaking as one judge, it seems to me that it would be extremely strange for us to put ourselves in the position of reviewing by writ of mandamus things that magistrate judges do, apart from, you know, the merits of the issue. Well, basically, Your Honor, this determination, because it was, it came along with a motion to disqualify counsel where the magistrate found all of the grounds that were raised. He said I'm rejecting the grounds given the sexual relationship predated the, or whatever kind of relationship was predated the retention. There's been disclosure. There have been waivers. And he's rejecting disqualification on the merits. But meanwhile, the earlier lead lawyer just declined to answer or to respond to an order. And so the magistrate judge gave a sanction. Now, maybe he should have issued, in order to show cause, why there shouldn't be such a sanction. He didn't do that, and maybe that's a violation. But still, why couldn't you take that to the district court? Well, if this Court were inclined to remand it back before the district court so that there could be notice and opportunity to be heard on the matter, that would be fine, and we would comply with that. We've asked that that be done. Of course, your time, I think your time to take it as a matter of statutory right to the district court's probably expired. I don't know whether we can remand it to the district court or not. I mean, basically, we have a writ of mandamus, and I suspect, but I haven't made a final judgment, you know, but I suspect we either have to grant the writ of mandamus or deny it based on the factors. What's the timing of the trial at this point? I understand it was continued. The trial has now been continued to July 23rd, Your Honor. I was hoping it wasn't February 9th or 10th or something. I was, yes, not February 10th, tomorrow. That would be. Well, I think there was some, it was continued to April at one point. Now it's been moved beyond. It was continued to, from September to February and now to July. Do we have jurisdiction, assuming we deny the writ of mandamus, not, assume that we deny the writ of mandamus, do we have jurisdiction to remand to the district court to consider the issue? Well, Your Honor, I would think that basically on the Bowman factors that you could grant mandamus. That's not the question. My question was assuming that we are going to deny the writ of mandamus, do we have I would think that in order to provide fairness to all of the litigants, that that could be fashioned, that this Court could do that. I suppose the district court could always sua sponte, consider an issue if it were presented. Has this issue never been presented to the district court at all? No, it has not. For decision. Is the district court aware of the writ of mandamus? We have advised the district court and they have been provided with all of the filings that we have provided. Magistrate Boyle did present something in writing to this Court. You said you adverted to futility. Is there anything on this case that gives any record support for the notion that going to the district court on this issue would have been futile? Well, Your Honor. You can say yes or no. Yes, Your Honor. All right. And is it of record? Well, basically, this docket now consists of 300 and some odd items. It's been a very document-intensive. And everything that the magistrate judge has done that you've not liked, you've gone to the district court? No. No, Your Honor. In fact, basically, we have never appealed or never, you know, quibbled with the magistrate's ruling. We have brought it. So you made a litigation choice, it sounds like, that you thought it would be a waste of time to run through the district court level and you came directly to us. Well, we didn't think it would be a waste of time,  That's a legalistic way of saying you thought it would be a waste of time. Isn't it? Well, a waste of time and resources of both the court and the parties. See, it's a waste of appellate resources if we're considering a purported error of a magistrate judge that hasn't been presented to the district court, which is directly supervising the conduct of the proceeding. At least so it seems to me. So I'm very troubled by the idea that we could grant a mandamus. I mean, if we could do a mandamus on this issue, I suppose if there were a totally arbitrary discovery ruling in the case or an arbitrary ruling on a pretrial order as to how many witnesses could testify or excluding some witness on a motion in limine or would we get a mandamus on that? Could we get, and what's the, you know, what? The difference here, Your Honor, is that there was simply no due process. There was no notice that there was going to be this consideration about a sanction. There was an order that was published on the Internet containing both sealed information and in-camera review information. And we just felt that the error that was made here was so flagrant that But if it was that flagrant, why would you assume the district court couldn't correct it? Why don't you answer that question. I may well let your opponent respond. Thank you, Your Honor. We're out of time. Basically, probably because of our history in terms of the ruling on the motion for summary judgment. Well, had you taken other You took the summary judgment issue to the district court. We took the summary judgment and we did a motion for reconsideration and there was a denial on that. Those were denied. We took both of those out. Is that the only issue that went to the district court in this litigation? Have there been other issues you took to the district court? To the district court? Yeah. Basically, the district court has handled the dispositive motions, and that's the only one that we've taken. The magistrate was handling, frankly, discovery motions. But you haven't appealed any other ruling of the magistrate judge to the district court? No, Your Honor, we have not. So the district court hasn't made a record that in 99 appeals, the district court has affirmed the magistrate judge? No, we have not. We haven't. The only appeal that we've made is the appeal on the motion for summary judgment. Okay. I got it. Thank you. Let me just ask one last question. Sure. Did the district court judge say at any time anything that would lead you to believe it would be futile to appeal this particular order? Was there anything in the conduct of the district court judge, anything in the record indicate that it would be useless to appeal? Basically, to give a motion to disqualify, which I think probably should be handled by a district court judge, and just assign it to the magistrate judge, to us indicated that the district court judge did not want anything to do with this particular motion. Thank you. Okay. Thank you. All right. We'll hear from your opponent. Real Party and Interest, TCI Media Services, I take it? Yes, Your Honor. Thank you. I'm Greg Tollefson, appearing on behalf of the Real Parties and Interest in this case. And the Real Party's position is that this court should not exercise its supervisory authority under the All Writs Act. The petitioners have not satisfied the high standard for issuance of a writ. This situation is not one in which one of the exceptional or extraordinary circumstances for which the writ is reserved. Well, knocking lead counsel out of a case with no notice or opportunity to be heard does sound a bit exceptional. Would you agree? That does sound exceptional. However, that is not what has occurred here. We had a motion for disqualification that was filed back in December of 2002. So it's not analogous to the other cases where the district court imposed a sanction with absolutely no notice to the counsel that he were at fault. The case on which you filed your motion was rejected, correct? Yes, that is correct, Your Honor. That would have normally been the end of the day for that issue, and counsel would have proceeded. But because the magistrate judge was offended by counsel's conduct, failure to respond, the magistrate judge sui sponte issued the sanction of disqualification, correct? That is correct, Your Honor. And when was that first made aware to any of the parties that that was going to happen? The motion was filed. There was a hearing on the motion for disqualification. On the merits? Yes. On your motion? Yes, on the motion for disqualification. Then the judge issued a ruling on the motion for disqualification granting the motion. So I'm not trying to ---- Counsel for the other side realized that he was in jeopardy. No. For some reason other than what you had. That he was in jeopardy as a sanction for not answering the order is what I understand Judge Fischer to be saying. That was the counsel didn't have any notice of that. See, a normal procedure for a magistrate judge in this kind of setting or a district court would just be to issue an order to show cause, you know, why you shouldn't be sanctioned by removal of your admission to the bar for not answering this. And then a party maybe set it for argument or maybe do it in writing, but a party could, you know, give their reasoning. So the lawyer could say, well, I didn't answer it because I thought it was so private that I think I have a constitutional right to not tell you. Or I didn't answer it because I thought you were getting the information from another witness. Or I didn't answer it because there's a bar investigation in my State, you know, and I'll be gosh darned if I'm not going to get disbarred over submitting an affidavit here. I don't want to admit anything. Who knows why he didn't answer it because he was never asked that question. I mean, we do have some statements in their briefing as reasons why he didn't answer  it. But the counsel himself, is there an affidavit from the former lead counsel saying why he did not answer? No. And that raises two points. First is I would argue that there is a distinction, again, in this case where the refusal to submit an affidavit arose in the context of a pending motion for disqualification. So that's number one. Number two goes to the issue that the panel has already addressed, which is that there's nothing, it's not even briefed as to why they did not submit. He could have submitted an affidavit to the district court. And so that was never, there was an opportunity there to do that. Nor do we have an affidavit, right? No. No, Your Honor. So just so at least you can know where I'm coming from, I don't think there should be, and then you can address my concern, I don't think there should be a writ of mandamus because of the Bauman factor about having, I think having no available remedy is so important and it would be so disruptive if we took Magistrate Judge Rulon's on writ of mandamus, cutting a district court out of reviewing it. So I'm inclined to deny the writ. But I also think there was a procedural error here, maybe a due process error, if not a due process error, a practical error, and the lawyer should have been given a chance to explain why he did what he did or to be heard on the issue of the sanction. So what I'm wondering is, do we have jurisdiction to send that to the district court, or is our jurisdiction just to deny the writ? And, of course, you know, a district court can sua sponte do anything, I guess, here. If the lawyers on the other side want to submit it again. But, I mean, do we have jurisdiction to remand this issue to the district court, or do we not, if you know? My response to that, Judge Gould, would be this came up, this was appealed solely as a request that a petition for writ of mandamus issue. It was not appealed under 1292B as a discretionary appeal. No certification for this, for interlocutory appeal, and it's not a final judgment. No. So my reading of this Court's precedent, as well as the United States Supreme Court precedent, is that this is not an appropriate case for the writ to issue, and, therefore, the decision, the real parties and interests should be denied.  So no further action. Your position would be we should deny the writ, and if the, and we shouldn't remand this issue to the district court, although we can say whatever we think about it. But then it lets, if the plaintiffs in the case, if they file some other motion with the district court on the issue, then you deal with that then based on whatever the law was. Okay. And that, to follow up on that point, you've made the point earlier that the time for an objection to the magistrate's recommendation is passed. That's my impression. I don't know. Right. I've seen a brief on it. I apologize. And the next point, which is, was incorrect, was that there was a magistrate at one point in October of 2003 awarded attorney's fees for us against the plaintiffs and the plaintiffs filed an objection with the district court as to those fees. So there has been at least one objection that's been made. That went to the district court. To the district court. And when was that in timing compared to this? It was made. After or before? Oh, I'm sorry. This was after, well after. After this. It was attorney fees for your prevailing on the motion, is that it? It was for discovery, a discovery sanction. So it wasn't related to this one at all? No, not at all. It occurred, this disqualification motion was in July of 2003, and this was in October, so it was well after. Go ahead. I'm sorry. You want me to go? Well, here's all I was thinking. This kind of situation is unusual because if you say there's a procedural due process problem, you've got to give someone an opportunity to be heard, that doesn't mean that after they're heard, they're necessarily going to get relief, obviously. And here the failure to answer an order of the court seems very serious, although I don't want to, you know, I couldn't prejudge what the reasoning might be as to why he didn't do it. But if this went in some form to the district court, I take it there's no record that tells us what the district court would do if the district court could review this, right? This issue has not been presented on the record to the district court? It has never been addressed with the district court, Your Honor. Okay. That's the only question I have. I'm sorry, Judge Nelson. If I'm assuming it's time barred, then the real question is what, if anything, could happen? And it would seem that the first Bauman factor would be satisfied, i.e., there is no other means for relief in this case. But is the fact that they didn't take the time, the opportunity to appeal the district court, does that eliminate the first Bauman factor as a factor for mandamus? The way I understand the factor is that they had no other adequate means to address the ruling, and I believe that there were several steps that could have been taken, the reconsideration. There was no request for certification. Well, if they fail to take those steps, they can't use the first Bauman factor. That wouldn't seem logical to me, Your Honor. Another point that was referenced in the magistrate court's opinion was that he was also displeased with the fact that the attorney chose not to file for some sort of protective order. There were other means. I would say that the other adequate means to address would also have arisen at the time the court ordered the submission of the affidavit. Instead of trying to take some means at that point, instead he just refused to submit it. This would be a reason why the magistrate judge thought he didn't really have any excuse, because if he had some reason, he could have asked for some protection or he could have appealed that earlier order. And he couldn't just disregard the order. Right. I understand that. I understand the magistrate judge's reasoning on that. Could we – well, never mind. Never mind. I think I know what we have to do. Okay. Okay. Thank you. Thank you very much. Can I give you 60 seconds to respond? Basically, Your Honors, if we are time barred, there is no adequate remedy. And we do meet that Valman factor. But surely that factor means you had no adequate remedy when you petitioned for the writ of mandamus, not that you don't have it now. Right. Well, basically, we did not believe that going back to either the magistrate or the judge, or the district court judge in this case, would have met with any different requirement. I understand that's your belief. But you really haven't given us a reason, like on the record, that would show that it would be futile to go to the district court. Well, okay. I'll give you an example of what we've dealt with here. It's been in relation to the defendants obtaining some medical records under a confidentiality order. They were ordered to provide us with records as soon as they got them. They got the records in October of 2002. They promised the court that they would provide them immediately in January of 2003, and this has been raised to the court. They've said, we'll provide those records as soon as we receive them. We didn't receive them until April of 2003. Despite this, the other counsels promised to do that. They disobey orders. They don't get sanctioned. Well, okay. I think we don't want to get ourselves bogged down. That's kind of a side issue for the issue that we have right here. It's the flavor and the feeling of this case in this Court. Okay. Thank you. I think we understand. Thank counsel for argument. Thank you very much to both counsel. The case that's argued will be submitted. We'll stand and adjourn for the day. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: D.W. Nelson, Fisher, Gould